IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-01135-WYD-MJW
(Consolidated with Civil Action No. 06-cv-01207).

STATE FARM FIRE & CASUALTY COMPANY, INC.;
HARTFORD UNDERWRITERS INSURANCE COMPANY;
PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD;
HARTFORD FIRE INSURANCE COMPANY; and
ALLSTATE INSURANCE COMPANY,
INTERSTATE FIRE & CASUALTY COMPANY

      Plaintiff(s),

v.

UNITED STATES OF AMERICA,

      Defendant(s).

## ORDER

THIS MATTER is before the Court on a Motion to Consolidate filed on September 13, 2006, by Interstate Fire & Casualty Company ("Interstate"), a plaintiff in a separate case styled *Interstate Fire & Casualty Company v. United States of America*, civil action no. 06-cv-01207-EWN-BNB (docket #12).  In the Motion to Consolidate, Interstate seeks consolidation of civil action no. 06-cv-01207 (the "Interstate Case") with the instant case (the "State Farm Case") pursuant to Fed. R. Civ. P. 42(a).  Because the State Farm Case is the lower numbered case, I will rule on the proposed consolidation.  *See* D.C.Colo.LCivR 42.1.

Upon review of the motion, it appears that consolidation of the two cases is appropriate under Rule 42(a).  On October 5, 2006, I invited any party who objected to

the proposed consolidation to file a response to the motion on or before October 16, 2006. Having received no responses, I am now prepared to rule on the motion.

Rule 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the action; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Consolidation is within the discretion of the trial court. *Gillette Motor Transport v. Northern Oklahoma Butane Co.*, 179 F.2d 711, 712 (10th Cir. 1950). The motion states that both the Interstate Case and the State Farm Case arise from damages resulting from the June 2002 Hayman Wildfire, and the parties in both actions are subrogating property insurance companies seeking to recover from a singe defendant, the United States of American, for damages paid to their respective insureds as a result of the fire. After reviewing the Complaint filed in this case and the Interstate Case, I find that the two cases involve common questions of law and fact, and I conclude that consolidation of the two cases is appropriate. Accordingly, it is hereby

ORDERED that Motion to Consolidate filed on September 13, 2006, by Interstate Fire & Casualty Company ("Interstate"), in *Interstate Fire & Casualty Company v. United States of America*, civil action no. 06-cv-01207-EWN-BNB (docket #12), is **GRANTED**. It is

FURTHER ORDERED that this case shall be consolidated with *Interstate Fire & Casualty Company v. United States of America*, civil action no. 06-cv-01207-EWN-BNB. It is

FURTHER ORDERED that as of the date of this Order, all pleadings and other filings shall be filed in this case only, using the caption appearing in this Order. It is

FURTHER ORDERED that all parties to the consolidated case shall comply with the deadlines set forth in the Scheduling Order entered by Magistrate Judge Michael J. Watanabe on August 18, 2006. It is

FURTHER ORDERED that the clerk shall docket a copy of this Order in civil action no. 06-cv-01207.

Dated: October 20, 2006

                                      BY THE COURT:

                                      s/ Wiley Y. Daniel
                                      Wiley Y. Daniel
                                      U. S. District Judge