IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-01135-WYD-MJW
(Consolidated with Civil Action No. 06-cv-01207)
(Consolidated with Civil Action No. 06-cv-01602)

STATE FARM FIRE & CASUALTY COMPANY, INC.;
HARTFORD UNDERWRITERS INSURANCE COMPANY;
PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD;
HARTFORD FIRE INSURANCE COMPANY; and
ALLSTATE INSURANCE COMPANY;
INTERSTATE FIRE & CASUALTY COMPANY; and
WALLACE WHITE;
LAURIE GLAUTH, individually and as Trustee for the Zelma Worden Trust;
CHARLES PHILLIPS, individually and as Trustee for the Phillips Family Trust I,
MARCIA PHILLIPS;
GARY BIESKE; and
SANDRA BIESKE;

      Plaintiff(s),

v.

UNITED STATES OF AMERICA,

      Defendant(s).

---

**ORDER**

---

THIS MATTER is before the Court on an Unopposed Motion to Consolidate filed on September 28, 2006, by Plaintiffs in a separate case styled *Wallace White, et al. v. United States of America*, civil action no. 06-cv-01602-EWN-PAC (docket #6).  In the Unopposed Motion to Consolidate, the White Plaintiffs seeks consolidation of civil action no. 06-cv-01602 (the "White Case") with the instant case (the "State Farm Case") pursuant to Fed. R. Civ. P. 42(a).  Because the State Farm Case is the lower

numbered case, I will rule on the proposed consolidation.  *See* D.C.Colo.LCivR 42.1.

Upon review of the motion, it appears that consolidation of the Wallace Case with the State Farm case is appropriate under Rule 42(a).  Rule 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the action; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."  Consolidation is within the discretion of the trial court.  *Gillette Motor Transport v. Northern Oklahoma Butane Co.*, 179 F.2d 711, 712 (10th Cir. 1950).  The Unopposed Motion to Consolidate states that both the White Case and the State Farm Case arise from damages resulting from the June 2002 Hayman Wildfire.  The White case involves claims by property owners against the United States for property damage caused by the Hayman Fire, and the State Farm Case involves claims by insurance companies against the United States to recover amounts paid to property owners whose property was damaged by the Hayman Fire.

After reviewing the Amended Complaint filed in the White case, I find that the White Case and the instant case involve common questions of law and fact, and I conclude that consolidation of the cases is appropriate.  Accordingly, it is hereby

ORDERED that the Unopposed Motion to Consolidate filed on September 28, 2006, in the case of *Wallace White, et al. v. United States of America*, civil action no. 06-cv-01602-EWN-PAC (docket #6), is **GRANTED**.  It is

FURTHER ORDERED that case no. 06-cv-01602 case shall be consolidated

with this case.  It is

FURTHER ORDERED that as of the date of this Order, all pleadings and other filings shall be filed in this case only, using the caption appearing in this Order.  It is

FURTHER ORDERED that all parties to the consolidated case shall comply with the deadlines set forth in the Scheduling Order entered by Magistrate Judge Michael J. Watanabe on August 18, 2006, as amended by Order dated November 2, 2006.  It is

FURTHER ORDERED that the clerk shall docket a copy of this Order in civil action no. 06-cv-01602.

Dated:  November 15, 2006

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge