IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-01135-WYD-MJW

STATE FARM FIRE & CASUALTY COMPANY, INC.,
HARTFORD UNDERWRITERS INSURANCE COMPANY,
PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD,
HARTFORD FIRE INSURANCE COMPANY,
ALLSTATE INSURANCE COMPANY,
WALLACE WHITE,
LAURIE GLAUGH, Individually and as Trustee for the Zemla Worden Trust,
CHARLES PHILLIPS, Individually and as Trustee for the Phillips Family Trust I,
MARCIA PHILLIPS
GARY BIESKE and SANDRA BIESKE

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

# ORDER

---

THIS MATTER comes before the Court on Defendant's Motion for Summary Judgment filed November 2, 2007.  (Docket #89).  Defendant moves for summary judgment pursuant to FED. R. CIV. P. 56(c).  Defendant claims that it's employee was not working within the scope of her employment at the time the tort occurred and therefore the Defendant cannot be held liable under respondeat superior.  In the alternative the Defendant argues that summary judgment is appropriate because the government is immune from  law suit based on the discretionary function exception which bars claims under the Federal Tort Claims Act (FTCA) under certain circumstances.

For the reasons stated below the Defendant's Motion for Summary Judgment is

DENIED.

I.   FACTUAL BACKGROUND

On June 8, 2002, Terry Barton ("Barton") a federal employee was working as a Forestry Technician assigned to the South Park Ranger District in the Pike National Forest. Barton's primary duties involved making and maintaining trails. She was also responsible for patrolling campsites and was a certified wildland firefighter. Barton was certified as a Wildland Firefighter with the United States Forest Service in 1994 and attended yearly refresher courses. In 2002, she was certified as a "Firefighter Level II." This certification required that Barton had completed training in basic firefighting sills (including training in firefighter preparedness, prescribed burns and backfires, use of water, fire suppression techniques, use of maps and standards for survival) and wildland fire behavior (including identifying environmental factors that promote the start and growth of wildfires). Barton was also certified as a Forest Protection Officer (FPO); her duties included enforcing fire bans and educating the public on fire prevention.

On June 8, 2002, Barton was patrolling to enforce a fire ban that had been issued due to weather conditions that were favorable to the rapid spread of forest fires. At some time during the four o'clock hour[1] Barton made a radio broadcast that she had discovered an escaped camp fire off Forest Road 290. At approximately 4:55 pm, after Barton reported the escaped camp fire, four fire engines, two Type 1 air tankers, a 5 person handcrew, a Type J helicopter (2000 gallon tank) and a Type 3 helicopter were

---

[1] The time that Barton originally called in the fire is disputed. Defendant claims that she did not report the fire until 4:55 pm (Docket 89 ¶15) while the Plaintiffs claim that she called the fire in as early as 4:10 pm (Docket 99 ¶15).

ordered to respond to the fire. Motion for Summary Judgment ¶17. The first fire engine responded to the scene at 5:13 pm. At 5:14 pm two fire engines and two water tenders were ordered from the Lake George Volunteer Fire Department. Two forest service engines were ordered from Woodland Park and a Hot Shot Crew stationed in Salida were called to respond to the fire. *Id.* ¶ 19.

The fire was unable to be contained and developed into an uncontrollable wildfire. The fire burned for over 17 days and damaged approximately 138,000 acres of land. This fire is known as the "Hayman fire." The fire did damage to land owned by the federal government and private citizens.

The Forest Service conducted an investigation to determine the cause of the wildfire. After several physical investigations of the site and multiple interviews with Barton, she confessed to starting the forest fire. On the morning of June 8, 2002 Barton's estranged husband gave her a letter that Barton found very upsetting. While patrolling Barton came upon a campfire ring and decided to destroy the letter. She believed that she had burnt the letter to completion and continued her patrol. Soon after she drove past the site where she had burned the letter and discovered that the fire had escaped the campfire ring. Barton then began suppression methods and called for help. Ex. 1, Plaintiff's Response to Defendant's Motion to Dismiss.

II. STANDARD OF REVIEW

Pursuant to rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the...moving party is entitled to judgement as a matter

of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "When applying this standard, [I must] 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Alt. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted).

"A fact is 'material' if, under the governing law, it could have an effect on the outcome of the lawsuit." *Horizon/CMS Healthcare,* 220 F.3d at 1190. "A dispute over a material fact is 'genuine' if a rational jury could find in favor of the nonmoving party on the evidence presented." *Id.*

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23. The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 323. "[T]h[e] standard [for granting summary judgment] mirrors the standard for a directed verdict under the Federal Rules of Civil Procedure 50(a)..." *Id.* (quoting *Anderson* 477 U.S. at 250)*.*

"The burden of showing that no genuine issue of material fact exists is borne by

the moving party." *Horizon/CMS Healthcare*, 220 F.3d at 1190. The movant need not show an absence of issues of material fact in order to be awarded summary judgment, nor must it negate the non-movant's claim. *Celotex*, 477 U.S. at 323. Rather, it must only allege an absence of evidence to support the opposing party's case and identify supporting portions of the record. *Id.* "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue of fact for trial on a material matter." *Id.* at 325. The non-movant must establish that there are issues of material fact to be determined. *Id.* at 322-23. "The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate 'specific facts showing that there is a genuine issue for trial." *Id.* at 324; see FED. R. CIV. P. 56(e).

III.  ANALYSIS

    A.  **RESPONDEAT SUPERIOR**

The Defendant claims that it is immune from suit because Barton was not acting within the scope of her employment at the time she started the fire. The FTCA imposes liability on the United States for tortious acts caused by a negligent employee acting within the scope of her employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Pattno v. United States*, 311 F.2d 604, 605 (10th Cir. 1962). State law governs when determining the scope of employment. *United States v. Mraz*, 255 F.2d 115, 116 (10th Cir. 1958). The Colorado Supreme Court has held that: "Acts done which are necessarily incidental to the service for which [s]he is employed are deemed to be 'in the line of [her] duty, and in the furtherance of the master's business.'" *Hynes v. Donaldson*, 395 P.2d 221, 223 (Colo. 1964).

Under Colorado law an employee is acting within the scope of her employment if she is engaged in the work which has been assigned to her by her employer or she is doing what is necessarily incidental to the work which has been assigned to her or which is customary within the business in which the employee is engaged. *Destefanco v. Grabrian and Diocese of Colorado Springs*, 763 P.2d 275, 287 (Colo 1988), citing *Russell v. First Am. Mortgage Co.*, 39 Colo. App. 360 (1977).

Therefore, the government will not be liable if it is found that Barton was not acting within the scope of her employment. However, even when an employee deviates from the scope of her employment, "when [s]he returns to the place where [s]he abandoned [her] employer's business, and resumed the employer's business, [s]he is acting again within the scope of [her] employment." *Hintergardt v. Operators, Inc.*, 940 F.2d 1386, 1389 (1991) (citation omitted). It is more important to consider whether the master's business is being substantially furthered rather than whether the activity was a required part of the servant's normal duties. *Hynes*, 395 P.2d at 223. Additionally, the employer may be held responsible if the employee is doing that which is customary within the business in which the employee is engaged. *Destefano* 763 P.2d at 287. Lastly, whether an employee is acting within the scope of her employment is generally a jury question. *O'Shea v. Welch*, 350 F.3d 1101, 1106 (2003) citing *Birkner v. Salt Lake County*, 771 P.2d 1053, 1057 (Utah 1989). I find that it is reasonable to argue that it is customary for a Forest Technician who is certified in wildland firefighting to begin fire suppression techniques when discovering a wildfire. Therefore, I find that it is appropriate for a jury to determine whether Barton was acting within the scope of her employment when she initially attempted to suppress the Hayman fire.

Defendant correctly points out that an employer is only liable for the wrongful acts of its employee if the employee was given express authority to act or the conduct in some way served the employer's interest. *Grease Monkey International, Inc. v. Montoya*, 904 P.2d 468, 473 (Colo. 1995). Plaintiffs are not alleging that Barton was acting within the scope of her employment when she started the Hayman fire. Rather, they allege that she was acting within the scope of her duties when she began fire suppression techniques. They claim that Barton's attempt to put out the fire was an act within the scope of her duty that was performed negligently. Plaintiff's Complaint ¶ 44.

Had the Plaintiff's Complaint alleged that Barton was acting within the scope of her duties when she started the forest fire than summary judgment would be appropriate. However, this is not the case. Plaintiffs allege that Barton and other firefighters were negligent in their attempts to stop the forest fire once it had begun. *Id.* Under the circumstances I find that there is a question of fact regarding whether Barton was acting within the scope of her duties.

### B. DUTY OF CARE

Defendant argues that there was no special relationship between the property owners and the Forest Service. Defendant asserts that Barton and the other firefighters owed no special duty to the land owners and therefore the government is not liable to the Plaintiffs even if Barton performed her duties negligently. However, under the FTCA the government is liable to the Plaintiff if, under the circumstances, a private person would be liable to the claimant under Colorado law. *Pattno* 311 F.2d at 605. In Colorado a private landowner has a duty to prevent the spread of fire from his land onto adjoining properties. *Heil v. United States*, Case No. 91-A-59, 1991 WL 236851, *2 (D.

Colo 1991).

Under the circumstances, I find that if Barton was acting within the scope of her duty, and is found to have been negligent than the government may be liable to the Plaintiff's. The Plaintiff's have set forth grounds for potential liability. Therefore, summary judgment is not appropriate.

### C. DISCRETIONARY FUNCTION

Under 28 U.S.C. § 2680(a) the United States retains sovereign immunity from liability for torts committed in the exercise of discretionary functions. Therefore, the United States is not liable for any damages if a federal statute, regulation, or policy specifically prescribes a course of action that an employee should follow. *Berkovitz*, 486 U.S. at 536. The policy behind the discretionary function exception is Congress' desire to, "prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Berkovitz* 468 at 540 citing *Russell v. First Am. Mortgage Co.*, 39 Colo. App. 360 (1977). There is a two step analysis to determine if the discretionary function exception applies. First, I must determine whether there was a federal statue, regulation, or policy in place that specifically prescribed a particular course of action; without choice there can be no discretion. *Miller v. United States*, 163 F.3d 591, 594 (9th Cir. 1998). If there was a policy in place I must then determine whether the stated objectives or policies were rooted in social, economic, or political concerns. *Id.* at 595 citing *Gaubert v. United States*, 499 U.S. 315, 325 (1990).

Defendant argues that the objectives set forth in the Forest Service Manual for fighting fires requires discretion on the part of the firefighters in choosing how to

extinguish fires safely, effectively and at the lowest cost possible. It is true that the firefighter's decision regarding how to fight the Hayman fire did include an element of choice. However, not all choices are protected by the discretionary function exception. To be protected the policy determination must have been made based on social, economic or political concerns. A determination whether the decisions and judgments made by both Barton and the other firefighters were based on social, economic, or political concerns is generally a factual issue and therefore summary judgment is not appropriate. *Heil,* 1991 WL 236851 at *3.

Further, the basis for the discretionary function is to avoid judicial second-guessing of legislative and administrative decisions. *Miller*, 163 F.3d at 594. There is no evidence that Barton was making a legislative or administrative decision when she first attempted to put out the fire with her feet. The Defendant relies on *Miller*, which the Plaintiff argues is distinguishable from the instant case. I agree that *Miller* is distinguishable from the case at hand. In *Miller*, the Forest Service had to determine how to best utilize its resources when fighting multiple fires. Additionally, the fire management officer for the district was making the decisions regarding how to best fight the multiple fires. *Miller*, 163 F.3d at 592. In the instant case, Barton was a Forestry Technician and a certified Wildland Firefighter, unlike the *Miller* case there is no indication that Barton's decision "require[d] a balancing of [competing] policy concerns, [or] consideration of fire suppression costs, minimizing resource damage and environmental impacts and protecting private property." *Id.* at 596. Under the circumstances *Miller* is distinguishable and I find that summary judgment based on the discretionary function exception is not appropriate.

IV.     CONCLUSION

Based on the foregoing, it is

ORDERED that Defendant's Motion for Summary Judgment filed November 2, 2007 is **DENIED**.

Dated:  July 18, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge